

HAMPTON & NEWMAN, LC
David A. Hampton, W.S.B. 5-2162
Joseph A. Hampton, W.S.B. 7-5751
P.O. Box 1000
Rock Springs WY 82902
(307) 382-6443
(307) 382-7866 (Facsimile)
dhampton@hamptonnewmanlaw.com
jhampton@hamptonnewmanlaw.com

FILED

**Margaret Botkins**
**Clerk of Court**

2:49 pm, 7/28/21

IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT

WITHIN AND FOR THE COUNTY OF NATRONA, WYOMING

| | |
|---|---|
| WILLIAM C. WALLACE and ANGELA MAE WALLACE, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>WALGREEN CO., d/b/a WALGREENS, a Illinois Corporation and JOHN DOE COMPANIES, real name unknown, and JaOHN DOE INDIVIDUALS, real name unknown,<br><br>Defendants. | Civil Action No. 109984  |

## COMPLAINT

**COME NOW** the above-named Plaintiffs, William C. Wallace and Angela Mae Wallace, husband and wife, by and through Hampton & Newman, LC and state the following facts constituting their respective claim for relief against Defendant Walgreen Co., d/b/a Walgreens.

### I. PARTIES

**EXHIBIT A**

1. That at all times relevant hereto, Plaintiff, William C. Wallace, was, and presently is, a resident of Natrona County, citizen of the State of Wyoming and was, and is, the husband of Plaintiff Angela Mae Wallace.

2. That at all times relevant hereto, Plaintiff, Angela Mae Wallace, was, and presently is, a resident of Natrona County, citizen of the State of Wyoming and was, and is, the wife of Plaintiff William C. Wallace.

3. That at all relevant times Defendant, Walgreen Co., d/b/a/Walgreens (hereinafter referred to as "Walgreens"), was, and is, a foreign corporation created under and existing by virtue of the laws of the State of Illinois with its principal place of business in Deerfield, Illinois, doing business in the State of Wyoming at various retail pharmacy locations, including a retail location in Casper, Wyoming located at 1071 CY Avenue.

4. That Defendants John Doe individuals and/or John Doe Companies may be potential Defendants whose present identity and/or involvement is unknown, and if discovered, Plaintiff may, if necessary, move to file an amended complaint, naming and identifying said Defendants as otherwise permitted under the Wyoming Rules of Civil Procedure.

5. That corporations, such as Defendant Walgreens herein, may only act by and through its employees and agents. Hence, any act or

omission of an employee or agent and the like made while acting within the scope of authority delegated by the corporation and/or within the scope of the duties of the agent or employee is an act or an omission to act by and of the corporation by *respondeat superior.*

## II. JURISDICTION AND VENUE

6. That venue of this action is proper in Natrona County, Wyoming pursuant to the provisions of W.S.A. §1-5-109 (LexisNexis 2021).

7. That this Court has subject matter jurisdiction pursuant to Art. 5 § 10 of the Wyoming Constitution, and the amount in controversy in this action exceeds the amount required to confirm jurisdiction upon this Court.

8. That in compliance with W.S.A. § 27-14-105(b) (LexisNexis 2021), a copy of this Complaint is being served by certified mail return receipt requested upon the Director of the Wyoming Worker's Compensation Division within the Department of Workforce Services and upon the Attorney General of the State of Wyoming and notice is hereby served for the State to assist in the prosecution of this matter and to share the costs and expenses required.

## III. FACTS COMMON TO ALL CAUSES OF ACTION

9. That during the morning hours of June 19, 2017, Plaintiff William C. Wallace, who on that date was a delivery and salesperson of Dean Foods d/b/a Meadow Gold, was delivering milk and dairy products

to various retail customers located in Casper, Wyoming, which included Defendant Walgreen Co.'s pharmacy store located at 1071 CY Avenue.

10. That in fact on the morning in question of June 19, 2017, Plaintiff Wallace did arrive at the Defendant Walgreens pharmacy store located at 1071 CY Avenue, Casper, Wyoming.

11. That upon arrival at this Walgreens pharmacy store, Plaintiff Wallace parked his delivery truck near the store's receiving door and unloaded crates of milk and various dairy products and items.

12. That after he had finished unloading his truck, he rang a delivery bell located near the receiving door. Eventually, an unidentified Walgreens' employee manually raised the metal rolling receiving door, allowing Plaintiff Wallace to enter into the store's receiving area with his dolly of dairy and milk products.

13. That at some point in time that morning of June 19, 2017 as Plaintiff Williams was returning to his delivery truck, a Walgreens employee, whose identity remains unknown but is understood to be one of the Defendant's assistant managers, manually lowered this rolling metal receiving door such that it struck Plaintiff Williams' head and/or person, which Plaintiff understands knocked him to the floor where was rendered unconscious for an unspecified period of time.

14. That as a result of the occurrence, Plaintiff William C. Wallace suffered personal injuries for which he has received medical and neuropsychological care.

---
*Wallace v. Walgreen Co., d/b/a Walgreens*　　　　　　　　　　　　　　　　　　　　　　　　*Page 4 of 9*
Complaint

## IV. FIRST CLAIM FOR RELIEF—NEGLIGENCE OF DEFENDANT WALGREEN CO., d/b/a WALGREENS

15. That Plaintiffs hereby incorporate herein and re-allege Paragraphs 1 through 14 of this Complaint, as though fully set forth herein.

16. That as Plaintiff Wallace was a business-visitor invitee of Defendant's retail drug store, Defendant Walgreens, through its employees and agents, must act as a reasonable person in maintaining the property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to another, the seriousness of the injury, and the burden of avoiding he risk.

17. That Defendant Walgreens, through its employees and agents, must use ordinary care to keep the premises in a safe condition and is charged with an affirmative duty to protect business-visitor invitees such as Plaintiff William C. Wallace against dangers known to Defendant Walgreens and dangers discoverable with the exercise of reasonable care.

18. That Defendant Walgreens, breached its duty of ordinary care to Plaintiff William C. Wallace, and as such the negligent acts and omissions of Defendant Walgreens, committed through its employees and agents who remain unknown, which negligent acts and omissions proximately caused Plaintiff's injuries, include, but are not necessarily limited to, the following specific elements:

(a) Defendant's employee(s) failed to exercise ordinary care and diligence in lowering the receiving door of the Walgreens receiving area in a reasonably safe manner such that said door would not be lowered or be allowed to fall upon and/or strike Plaintiff Wallace on the day in question and his or her failure to do so rendered the receiving door dangerous and unsafe for Plaintiff Wallace, and/or presented an unreasonable risk of harm to him;

(b) Defendant's employee(s) failed to exercise reasonable care to protect Plaintiff Wallace by inspection and other affirmative acts, including, but not limited to, from any and all dangerous conditions or defects of the receiving door which could result in a reasonably foreseeable injury occurring from reasonably foreseeable uses on the premises in the receiving area at the aforementioned store location in Casper, Wyoming;

(c) Defendant's employees failed to warn Plaintiff Wallace of any and all unsafe conditions then existing on and throughout the premises at the aforementioned date and time, including, but not limited to any dangerous condition of the receiving door;

(d) Defendant employee(s)' acts and/or omissions may constitute violations of various statutes, regulations and/or rules which is evidence of negligence if such violations on the occasion in question played a substantial part in bringing about the injury or damage to Plaintiff Wallace.

(e) Defendant's employee(s) may have committed other negligent acts and omissions which are currently unknown to Plaintiff Wallace such that these acts and omissions demonstrate Defendant's breach of ordinary care to Plaintiff Wallace.

(f) Defendant was in exclusive control of the receiving or dock door in question and/or had superior knowledge or means of explaining the occurrence that caused Plaintiff Wallace's injuries, and the injuries to Plaintiff Wallace are such as in the ordinary course of things would not have occurred if the Defendant who had control or superior knowledge or means of explaining the

occurrence had used proper care and therefore Defendant Walgreens was negligent in the matter alleged herein.

## V. DAMAGES OF PLAINTIFF WILLIAM C. WALLACE

19. That Plaintiff hereby incorporates herein and re-alleges Paragraphs 1 through 18 of this Complaint, as though fully set forth herein.

20. That as a direct and proximate result of Defendant Walgreen's negligent acts and omissions, Plaintiff Wallace sustained damages entitling him to a monetary award against Defendant Walgreens for the following elements of damages:

(a) The reasonable expense of necessary medical care, treatment and services received to date and any medical expense reasonable probable to be incurred in the future to be proven at trial.

(b) Loss of earnings and earning capacity, past and future loss of wages, income and earning capacity in amount to be proven at trial.

(c) Other pecuniary loss or losses in an amount to be proven at trial.

(d) Loss of enjoyment of life and any loss of enjoyment of life reasonably probable to be experienced in the future.

(e) Disability (including physical and mental impairment) and disfigurement.

(f) Past and future probable emotional distress and pain and suffering.

(g) Past and future probable physical pain and suffering in an amount to be proven at the trial of this matter.

## VI. LOSS OF CONSORSIUM OF PLAINTIFF ANGELA MAE WALLACE

21. That Plaintiff hereby incorporates herein and re-alleges Paragraphs 1 through 20 of this Complaint, as though fully set forth herein.

22. That at all relevant times hereto, Plaintiff William C. Wallace and Plaintiff Angela Mae Wallace are husband and wife and were married and have been so married since August 13, 2016.

23. That as a direct result of the negligent act and omissions of Defendant Walgreens Plaintiff Angela Mae Wallace suffered a loss of consortium as a result of the injuries to Plaintiff William C. Wallace, including but not limited to, loss of Plaintiff William C. Wallace's services, society, companionship, affection, love, advice, guidance, and/or sexual relations.

WHEREFORE, Plaintiffs William C. Wallace and Angela Mae Wallace request the following relief:

1. Judgment against Defendant for special damages in amounts consistent with the allegations contained herein and to be established by the evidence at trial.

2. Judgment against Defendant for general damages in amounts consistent with the allegations contained herein and to be established by the evidence at trial.

3. Judgment against Defendant for Plaintiffs' recoverable costs and expenses incurred in prosecuting this action.

4. Such other and further relief as the Court deems just and equitable.

DATED this 8th day of June, 2021.

WILLIAM C. WALLACE
ANGELA MAE WALLACE,
husband and wife:

*[signature]*

DAVID A. HAMPTON, WSB 5-2162
JOSEPH A. HAMPTON, WSB 7-5751
HAMPTON & NEWMAN, LC
P.O. Box 1000
Rock Springs, WY 82902-1000
(307) 382-6443
(307) 382-7866 (Facsimile)
dhampton@hamptonnewmanlaw.com
jhampton@hamptonnewmanlaw.com